**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SOFIA GONZALEZ-CALDERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02922-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITON FOR WRIT OF HABEAS CORPUS**

Petitioner Sofia Gonzalez-Calderon, a noncitizen detained by Immigrations and Customs Enforcement ("ICE"), petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 5.) Respondent responded and Petitioner replied. (ECF Nos. 7–8.) Petitioner then filed an amended Petition, including a new claim that, during her bond hearing, the Immigration Judge improperly placed the burden of proof on Petitioner to show that she is not a danger or flight risk.[1] (ECF No. 12 at PageID 127–128.) Respondent responded to the amended Petition and Petitioner replied. (ECF Nos. 13–14.)

**BACKGROUND**

Petitioner is a Mexican national. (ECF No. 7-2 at PageID 32.) Petitioner states that she entered the United States in 1999 to escape cartel-related violence and has lived in the United States for about approximately twenty-seven years. (ECF No. 12 at PageID 117.) On July 18,

[1] Petitioner also filed a Supplemental Response raising the issue before filing her amended Petition. (ECF No. 10.)

2026, the Williamson County Sheriff's Office took Petitioner into custody for traffic violations and contacted Immigrations and Customs Enforcement ("ICE"). (ECF No. 7-2 at PageID 33.) ICE concluded that Petitioner "is not in possession of valid immigration documents allowing [her] to be or remain in the United States legally." (*Id.*)

Petitioner filed her Petition on July 25, 2026, while detained at West Tennessee Detention Facility in Mason, Tennessee. (ECF No. 1 at PageID 9.) Petitioner alleged that ICE was unlawfully detaining her under the mandatory detention statute 8 U.S.C. § 1225(b)(2). (ECF No. 1 at PageID 9–10.) Petitioner argued that she was entitled to a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 10–11.). The Court ordered Respondent to show cause on August 3, 2026, and not to remove Petitioner from the Western District of Tennessee while her Petition is pending. (ECF No. 5 at PageID 22.) ICE, however, moved Petitioner to a detention facility in Louisiana after she filed her Petition. (ECF No. 12 at PageID 125.)

But Petitioner informed the Court on August 11, 2026, that ICE transferred her back to the Western District of Tennessee, and that she intended to voluntarily dismiss her Petition if the immigration court promptly provided her an appropriate bond hearing. (ECF No. 9 at PageID 40.) An Immigration Judge at the Memphis Immigration Court conducted Petitioner's bond hearing on August 26, 2026. (ECF No. 10-3 at PageID 113.) The Immigration Judge however denied Petitioner bond because she "failed to meet her burden as to flight." (*Id.*)

Petitioner filed an amended Petition on September 7, 2026, alleging that the Immigration Judge improperly placed the burden of proof relating to danger to the community and risk of flight on her. (ECF No. 12 at PageID 127–28.) Petitioner asks the Court to order her immediate release. (ECF No. 12 at PageID 129.) In the alternative, Petitioner requests that the Court order a new bond hearing in which the burden is on Respondent to show by clear and convincing

evidence that Petitioner is either a flight risk or a danger to the community, and in which the Immigration Judge must consider Petitioner's ability to pay a bond.[2] (ECF No. 12 at PageID 129.) Respondent argues that the burden of proof in immigration custody redeterminations before an Immigration Judge belongs on Petitioner. (ECF No 13.) The Court disagrees and finds that Petitioner is entitled to a new bond hearing in which Respondent bears the burden of justifying continued detention.

## ANALYSIS

Federal courts may grant a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). These protections apply to noncitizens as well as citizens. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). "Noncitizens who have 'passed through our gates, even illegally, may be expelled only after proceedings conforming to the traditional standards of fairness encompassed in due process of law.'" *Lopez-Campos*, 175 F.4th at 732 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)).

On May 11, 2026, the Sixth Circuit decided *Lopez-Campos*, affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. *Id.* at 734. "To hold otherwise would subject long-term law-abiding residents in the United States . . . to the hardship of mandatory detention without due

[2] Petitioner fails to explain how this amounts to a due process violation. The Court therefore *does not* order that the Immigration Judge has to consider Petitioner's ability to pay as part of the analysis.

process." *Id.* at 735. The question in this case is who bears the burden of proof at these proceedings.

"It is not disputed that § 1226(a) is silent as to what burden of proof applies in bond hearings, and who bears that burden." *Mkhaitir v. Mullin*, No. 26-183-DLB, 2026 WL 1415034, at *4 (E.D. Ky. May 20, 2026). And the Sixth Circuit has not addressed the issue. Yet the BIA puts "[t]he burden on the [noncitizen] to show to the satisfaction of the Immigration Judge that he or she merits release on bond." *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). But many District Courts, including many in this Circuit, and the First and Second Circuits have applied the balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and found that the Due Process Clause of the Fifth Amendment requires the Immigration Judge to put burden on the government to show danger to the community and fight risk. *See Castaneda-Castano v. Daley*, No. 26-145-DLB, 2026 WL 1223095, at *7 (E.D. Ky. May 4, 2026) (collecting cases); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 27–35 (1st Cir. 2021); *Velasco Lopez v. Decker*, 851 978 F.3d 842, 851–855 (2d Cir. 2020).

The *Mathews* factors are: (1) "the private interest that will be affected by the initial action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, in any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. The Court agrees with the reasoning of other courts and finds that these factors support placing the burden on the government to justify Petitioner's continued detention.

Under the first factor, "the private interest affected by the official action is the most significant liberty interest there is – the interest of being free from imprisonment." *Velasco*

*Lopez,* 978 F.3d at 851. And second, the risk of erroneous deprivation is high in immigration proceedings given the lower procedural safeguards, especially if Petitioner "must face the difficulty of proving a negative." *J.Z.S. v. Fields*, No. 26-80-DLB, 2026 WL 1031320, at *10 (E.D. Ky. Apr. 16, 2026). As for the third factor, the government's administrative cost of shouldering the burden is slight because the government already has access to records that go towards establishing their burden. *Velasco Lopez*, 978 F.3d at 855. And putting that burden on the government can even promote its interest by "minimizing the enormous impact of incarceration where it serves no purpose." *Id.*

Because the *Mathews* factors weigh heavily in favor of putting the burden of proof on the government to justify continued detention, the Immigration Court violated Petitioner's due process rights by shifting that burden to her. Petitioner is therefore entitled to a constitutionally adequate bond hearing. "Additionally, consistent with other courts who have concluded that the government must bear the burden of proof, [the] Court concludes that a clear and convincing standard provides the appropriate level of procedural protection." *Mkhaitir*, 2026 WL 1415034, at *6 (quoting *Velasco Lopez*, 978 F.3d at 856).

## CONCLUSION

The Court therefore **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** Respondent either to release Petitioner or to provide her with a new bond hearing before an Immigration Judge within seven days of the entry of this Order. If Respondent provides Petitioner with a timely bond hearing, the following shall apply:

(1) Respondent shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondent shall bear the burden of persuasion justifying Petitioner's continued detention by referencing clear and convincing evidence on the record that Petitioner is either a flight risk or a danger to the community;

(4) the Immigration judge shall consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006), and explain all legal and factual conclusions;

(5) the Immigration Judge shall consider and explain, whether less restrictive alternatives to detention can reasonably address the government's interest; and

(6) Respondent shall file a Status Report with the Court within two business days of the bond hearing or of the Petitioner's release. The certification shall note when a bond hearing was held, whether bond was granted or denied, and the reasons for the decision.

**SO ORDERED**, this 26th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE