**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SOFIA GONZALEZ-CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:26-cv-02922-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING IMMEDIATE RELEASE**

Petitioner Sofia Gonzalez-Calderon moves the Court to enforce its October 26, 2026, Order granting her Petition for Writ of Habeas Corpus. (ECF No. 17.) In that Order, the Court required Respondent to provide Petitioner with a constitutionally adequate bond hearing within seven days or immediately release her. (ECF No. 15.) Respondent, however, has not provided such a hearing within that timeframe. (See ECF Nos. 17–18.) Counsel for Respondent asserts that he advised the Executive Office of Immigration Review representative on October 26 that it needed to schedule a bond hearing within seven days. (ECF No. 18 at PageID 153.) Respondent also asserts that he sent a follow-up email on October 28 after EOIR did not respond. (*Id.* at PageID 154) And Respondent states that EOIR did not respond until November 2, the day Court's deadline to hold the bond hearing. (*Id.*) Respondent's counsel maintains he drafted a Motion for an Extension of Time and that he contacted Petitioner's counsel, Michael Holley, to ascertain his position on the matter. (*Id.*) Respondent's counsel asserts that Petitioner's counsel advised that he wanted to move forward with the hearing, but "the detention facility – apparently

due to late notice – did not produce Petitioner for the bond hearing." (*Id.* at PageID 154–55.) But Respondent maintains that "the immigration judge offered the parties the option of proceeding with a bond hearing in Petitioner's absence." (*Id.*) Respondent argues Petitioner's Motion should be denied "given respondent's diligent effort to ensure that a bond hearing was held, given that the immigration judge gave both parties the option of moving forward with the bond hearing, and given Petitioner's counsel refusal to proceed with the bond hearing." (*Id.*)

But as "diligent" as Respondent may have been in arranging the bond hearing, he still failed to comply with the Court's Order. The responsibility for failing to provide a constitutionally adequate bond hearing within the seven-day deadline should not fall on Petitioner. The failure of EOIR to respond to Respondent's email until the deadline is inexcusable. As is DHS's failure to produce Petitioner for the hearing. The Court thus **ORDERS** Petitioner's immediate release and **ENJOINS** Respondent from detaining petitioner under 8 U.S.C. § 1226(a) while Petitioner's bond determination is pending.[1]

**SO ORDERED**, this 4th day of November, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

[1] The Court is concerned that Respondent will try to avoid the Court's Order by quickly arranging a bond hearing to keep Petitioner detained even though the deadline has long passed. To prevent this from happening, the Court **ORDERS** the bond hearing to be held after Petitioner's release.